IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OCEANNA PAPPILLION,

    Plaintiff

    v.

HYOSUNG MOTORS AMERICA, INC., and EUN WOO PARK a/k/a EDWARD PARK, both in his individual and official capacities,

    Defendants.

CIVIL ACTION

NO. 1:07-CV-0900-BBM-RGV

# ORDER

Pending before the Court is plaintiff's Motion to Compel Answers to Written Discovery and Additional Deposition Testimony, [Doc. 39], and defendants' opposition thereto, [Doc. 42].[1] For the reasons stated herein, plaintiff's motion is **DENIED**.

---

[1] In the Guidelines for Discovery and Motion Practice, [Doc. 6], the Court directed that if the parties were unable to informally resolve a discovery dispute, they were to "arrange a telephone conference with the court through the court's judicial assistant or courtroom deputy." [Id. ¶ 11 (footnote omitted)]. The Court further instructed that "[m]otions to compel or for a protective order, or for any related matters pertaining to discovery, should ordinarily not be filed without a prior conference with the court." [Id.]. Plaintiff has failed to adhere to the Court's Guidelines prior to filing this motion to compel. However, since the defendants have fully briefed the issues, the Court will address the merits of plaintiff's motion.

## I. Plaintiff's Motion to Compel Answers to Written Discovery

Plaintiff seeks an order from the Court compelling defendants to supplement its answers to six interrogatories. [Doc. 39]. Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery and provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

See Fed. R. Civ. P. 26(b)(1). Thus, while the scope of discovery is broad, "discovery in Title VII cases is not without limits. The information sought must be relevant and not overly burdensome to the responding party." Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (footnote omitted). "Information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, *2 (M.D. Fla. Oct. 31, 2007). "'The party resisting discovery has a 'heavy burden' of showing why discovery should be denied.'" Williams v. Art Institute of Atlanta, No. 1:06-CV-0285-CC/AJB, 2006 WL 3694649, *3 (N.D. Ga. Sep.

1, 2006) (quoting Roehrs v. Minn. Life Ins. Co., 228 F.R.D. 642, 644 (D. Ariz. 2005)). "Once the resisting party meets its burden, the moving party has the burden of showing the information is relevant and necessary." Id.

In the present case, plaintiff, an African-American female and defendant Hyosung Motors' former national Human Resources Manager and Legal Compliance Officer, alleges that she was subjected to various acts of race, national origin, and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981, subjected to sexual harassment by one of Hyosung Motors' executive officers of which she complained about to her supervisor, ultimately terminated from her position because of her complaints about discrimination and sexual harassment, and denied coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") in violation of 29 U.S.C. § 1161 et seq. [Doc. 1]. Plaintiff further asserts a state law claim for intentional infliction of emotional distress and seeks punitive damages and attorney's fees. [Id. ¶¶ 62-73]. Thus, discovery in this case should be tailored and relevant to these specific issues.

Federal Rule of Civil Procedure 33 "allows any party to serve on any other party written interrogatories concerning matters within the scope of Federal Rule Civil Procedure 26(b)." Oliver, 2007 WL 3232227, at *2. See also Fed. R. Civ. P. 33(a).

"Functions of interrogatories include obtaining evidence, information which may lead to evidence and admissions, and to narrow issues to be tried." EEOC v. Kovacevich "5" Farms, No. 1:06-cv-0165-OWW-TAG, 2007 WL 1599772, *2 (E.D. Cal. June 4, 2007). "'Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories.'" Id. (quoting Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996)). The party submitting the interrogatories may move for an order under Rule 37(a) compelling disclosure with respect to any objection or failure by the responding party to answer an interrogatory. See Fed. R. Civ. P. 37(a)(3)(B)(iii). With these principles in mind, the Court now addresses each interrogatory at issue.

    a.    **Interrogatory No. 7**

This interrogatory asks defendants to "explain how Hyosung has obtained new employees over the past five years, including a list of all specific sources of employees hired by Hyosung whether through the Department of Labor, trade publications, newspaper job advertisements, etc." [See Doc. 41, Att. 1]. Defendants objected to the interrogatory on the grounds that it seeks documents not relevant to any claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence as plaintiff has not alleged any claims for discriminatory hiring. [Id.].[2]

---

[2] Defendants further objected to all interrogatories at issue as constituting annoyance and oppression and as imposing an undue burden and expense upon

Plaintiff contends that defendants' hiring practices are relevant because: (1) defendants have raised the Ellerth-Faragher defense to her discrimination claims,[3] and (2) Hyosung's officers' and representatives' hiring attitudes are circumstantial evidence of defendants' intent to discriminate. [Doc. 39 at 10-13]. Defendants object arguing that since plaintiff's claims center around her allegations of discriminatory treatment and unlawful termination and not discriminatory hiring, Hyosung's hiring practices are not relevant in this case. [Doc. 42 at 2-5]. The Court agrees. "[D]iscovery should be tailored to the issues involved in the particular case." Hardrick v. Legal Servs. Corp., 96 F.R.D. 617, 618 (D.D.C. 1983). As plaintiff is not alleging any discriminatory hiring practice in this case, the information she seeks in this interrogatory is not relevant. See Waters v. U.S. Capitol Police Bd., 216 F.R.D.

---

them. [See Doc. 41, Att. 1]. Defendants have not offered sufficient detail to meet their burden. "The objecting party [, however,] must do more than simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad before a court will narrow overbroad discovery." Williams, 2006 WL 3694649, at *4 (internal marks and citations omitted). "Instead, the objecting party must show specifically . . . how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal marks and citations omitted) (alteration in original). Therefore, the Court rejects this argument as defendants have failed to offer any evidence showing the nature of their burden.

[3] Plaintiff's argument that the Ellerth-Faragher defense necessitates information concerning defendants' hiring practices fails because the defense only applies to harassment and not discrimination claims. See Burlington Indus. v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). Therefore, the Court need not address this argument further herein.

153, 159 (D.D.C. 2003) (information as to hiring and promotions have no connection to plaintiff's claim that defendant is guilty of disproportionately terminating members of a protected class); O'Neal v. Riceland Foods, 684 F.2d 577, 581 (8th Cir. 1982) (upholding district court's ruling that defendant need not need answer interrogatories seeking hiring information since partial summary judgment had been granted determining that hiring was not an issue and rejecting plaintiff's argument that such information was necessary as evidence of defendant's general employment practices and pretext); Syed v. Director of F.B.I., No. 90-1801, 1990 WL 259734, *4 (E.D. Pa. Jan. 30, 1991) (plaintiff's interrogatories seeking information concerning defendant's promotion, transfer, discharge, and tenure practices in a discriminatory hiring case "reaches beyond the parameters of relevance"); Jones v. Colorcraft Corp., No. CV 182-252, 1983 WL 565, *2-3 (S.D. Ga. Aug. 4, 1983) (information concerning each new person hired in any position with defendant not relevant to plaintiff's unlawful termination claim); Hardrick, 96 F.R.D. at 618-19 (corporation's hiring practices, among other practices and procedures, not relevant to plaintiff's disparate treatment and termination claims); McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 62 (E.D. Pa. 1979) (information concerning defendant's litigation history in hiring, seniority, promotion, and classification in illegal discharge case "seems one step beyond the parameters of relevancy in its broadest sense").

Accordingly, the Court sustains defendants' objections and denies plaintiff's motion as to this interrogatory.

### b. Interrogatory No. 8

This interrogatory seeks information concerning Hyosung's efforts to increase the racial and ethnic diversity of its workforce over the last five years and any documents memorializing any such diversity policy. [Doc. 41, Att. 1]. Defendant objected arguing, *inter alia*, that the information is not relevant. [Id.].

Plaintiff contends that defendants' diversity policies are relevant to the issue of punitive damages. [Doc. 39 at 13]. In support of her argument, plaintiff relies on Hatley v. Hilton Hotels Corp., 308 F.3d 473 (5th Cir. 2002), which found that the plaintiff was not entitled to an instruction on punitive damages because of the defendant's good faith effort to prevent harassment as evidenced by the defendant's publicized anti-harassment policy, harassment training, and grievance procedure. Id. at 477. Plaintiff argues that the converse is also true, contending that Hatley stands for the proposition that the absence of diversity policies is also relevant to her punitive damages claim. [Doc. 39 at 14]. While defendants' harassment and discrimination policies are clearly relevant to the claims and defenses in this case, as already stated, defendants' hiring practices are not at issue. For example, if defendants were to assert their good faith efforts at achieving diversity in the

7

workplace as a defense in this case, the policies would be relevant; however, there has been no such assertion here because, as defendants point out, Hyosung's hiring practices are not at issue. As for the relevant harassment and discrimination policies, defendants have already provided them to plaintiff. Therefore, the Court sustains defendants' objections and denies plaintiff's motion as to Interrogatory Number 8.

### c. Interrogatories Nos. 9, 13, and 16

Interrogatories 9, 13, and 16 seek information concerning plaintiff's COBRA claim, training information, and facts concerning plaintiff's job performance. [Doc. 41, Att. 1]. With regard to these interrogatories, plaintiff contends that defendants failed to fully respond or answer the question as posed. [Doc. 39 at 10, 15, 18]. To the contrary, the Court has reviewed defendants' responses to these interrogatories and finds that defendants provided "true, explicit, responsive, complete, and candid answers" to the interrogatories. Hansel, 169 F.R.D. at 305. Accordingly, the Court sustains defendants' objections and denies plaintiff's motion as to these interrogatories.

### d. Interrogatory No. 15

This interrogatory seeks the identity of every company and business Hyosung contracts with to support its business operations, including payroll, accounting,

insurance services, financial services, legal services, human resources, business consulting, and customs and immigration matters. [Doc. 41, Att. 1]. Defendants objected to this interrogatory, arguing that it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence. [Id.].

Plaintiff avers that this information is relevant as the names of the vendors will lead to evidence of the number of employees Hyosung had in 2006, which is relevant to her COBRA claim. [Doc. 39 at 17]. Plaintiff further contends that this information is relevant because defendants assert that one of the reasons for her termination includes a severe financial downturn in Hyosung's revenues, and, therefore, the details of Hyosung's financial condition and supporting documentation are relevant. [Id.]. Finally, plaintiff contends that this information will show that her supervisor preferred to deal with Korean companies which is evidence of defendants' isolation and mistreatment of its English-speaking employees.[4] [Id. at 18].

In response to plaintiff's arguments, defendants contend that they have already produced payroll documents reflecting every employee who worked for them in 2006. [Doc. 42 at 16].[5] Furthermore, defendants contend that they have

---

[4] The Court rejects this argument and declines to address it further herein.

[5] To the extent plaintiff contends that defendant's independent contractors could be considered employees for purposes of COBRA, this argument fails. See

9

already produced financial statements reflecting Hyosung's financial status in 2005 and 2006. [Id. at 17]. In addition, defendants point out that plaintiff deposed Hyosung's former and current presidents and specifically asked questions concerning Hyosung's financial situation at the time of plaintiff's termination. [Id.]. Thus, the Court finds that the discovery sought is unreasonably cumulative or duplicative and has been obtained from another source more convenient and less burdensome. See Fed. R. Civ. P. 26(b)(2)(C)(i). Therefore, based on defendants' representations that plaintiff is already in possession of documents evidencing the number of employees employed by Hyosung in 2006 and Hyosung's financial situation in 2005 and 2006, the Court sustains defendants' objections and denies plaintiff's motion as to this interrogatory.

## II. Plaintiff's Motion to Compel Additional Deposition Testimony

Plaintiff previously issued a notice of deposition to Edward Park, Hyosung's former President, to appear in his personal capacity, and a Rule 30(b)(6) deposition notice to Hyosung to designate an individual to testify as to fourteen topics. [Doc. 39 at 4]. Hyosung designated Park to testify on its behalf as to those topics, which Park did on December 6, 2007. [Id.; see also Doc. 39-10]. Plaintiff contends Park was

---

Giddens v. Univ. Yacht Club, Inc., No. Civ. A. 2:05-CV-19-WC, 2006 WL 508056, *4 (N.D. Ga. Mar. 1, 2006) (quoting 26 C.F.R. §§ 54.4980B-2 which states that independent contractors are not counted as employees when determining if company fits within small employer exception of COBRA).

not in fact prepared to testify about any of the topics related to "Hyosung's present document retention policies, human resource policies, hiring practices, or diversity efforts." [Doc. 39 at 6; see also Doc. 39-10 at 237-43 (deponent not prepared to answer topic 4 regarding Hyosung's current COBRA policy; topic 6 concerning Hyosung's employment practices, policies, and procedures before, during, and after plaintiff's termination; topic 7 dealing with Hyosung's personnel records and retention policies; topic 11 regarding Hyosung's training of cultural differences; topic 12 regarding Hyosung's diversity efforts; topic 13 concerning investigation of plaintiff's complaints; and topic 14 dealing with Hyosung's recruiting and hiring practices)]. As a consequence, plaintiff seeks to depose Park for four additional hours. [Doc. 39 at 7, 19].

A review of excerpts from Park's deposition submitted to the Court shows that Park was not prepared to testify as to Hyosung's present document retention policies, human resource policies, hiring practices, or diversity efforts because he was not the President of Hyosung at the time of his deposition. Therefore, he was not able to testify as to Hyosung's present policies, and additional questioning of Park as to these matters would likely be futile. See McAfee v. Murray Ohio Mfg., Inc., 66 Fed. Appx. 523, *9 (5th Cir. 2003) (unpublished) (finding no abuse by district court's denial of continuation of deposition based on assessment of futility where

plaintiffs "repeatedly asked the same questions of [deponent] which he [had] been unable to answer."). More importantly, plaintiff has since deposed the current Hyosung President and had the opportunity to ask him about Hyosung's present practices. Therefore, additional examination of Park seems to be unnecessary. With regard to plaintiff's remaining topics, a review of Park's deposition testimony shows he adequately responded to each deposition inquiry regarding those topics for which he was designated. See Zappia Middle East Constr. Co. v. Abu Dhabi, No. 94 Civ. 1942(DC), 1995 WL 686715, *8 (S.D.N.Y. Nov. 17, 1995) ("[T]he inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas."). Accordingly, the Court hereby denies plaintiff's motion to compel additional deposition testimony.

### III. CONCLUSION

For the reasons stated, plaintiff's Motion to Compel Answers to Written Discovery and Additional Deposition Testimony, [Doc. 39], is hereby **DENIED**.

**IT IS SO ORDERED** this 24th day of January, 2008.

*[signature: Russell G. Vineyard]*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE